UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Earl Walton, | Case No. 22-cv-717 (KMM/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeffrey Fikes, Warden FCI - Sandstone, | |
| Respondent. | |

---

This Matter is before the Court on Petitioner James Earl Walton's Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1). Because the Court lacks jurisdiction to review Mr. Walton's claim and Mr. Walton further fails to state a claim for relief, the Court recommends Mr. Walton's Petition be denied without prejudice for lack of jurisdiction.

Petitioner James Earl Walton is a federal prisoner currently detained at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone") (ECF No. 10 ¶ 7). Prior to being detained at FCI-Sandstone, Mr. Walton was detained at the Federal Correctional Institution in Danbury, Connecticut ("FCI-Danbury") (ECF No. 1 at 1). Mr. Walton worked in food service during his detention at FCI-Danbury (*see* ECF No. 10-4 at 1). Prison officials there suspected Mr. Walton and other inmates were, against prison rules, preparing more food than necessary each night to sell the leftovers to fellow prisoners for profit. (*See id.*) Mr. Walton received an incident report detailing the accusations (*id.*) and met with an investigating officer who advised him of his rights during the disciplinary process (*id.* at 2). The investigating officer referred the incident to the Unit Disciplinary Committee ("UDC") for a hearing. (*See* ECF No. 10 ¶ 10; 10-4 at 2.) The UDC conducted a hearing on July 29, 2021 with Mr. Walton present, concluded Mr. Walton had

1

violated prison rules by selling excess food to other inmates, and sanctioned him with a 90-day loss of commissary privileges. (*See* ECF No. 10 ¶¶ 10–11; 10-4 at 1.)

After his transfer to FCI-Sandstone, Mr. Walton filed his Petition in this District requesting that the disciplinary violation incurred at FCI-Danbury be expunged from his record (*see generally* ECF No. 1). Mr. Walton argues prison officials committed procedural improprieties during the disciplinary proceedings and violated his due process rights in doing so (*id.* at 7). Mr. Walton also contends prison officials did not have sufficient evidence to support the conclusion that he had violated prison rules (*id.* at 5–6). The government filed a response to the Petition on June 21, 2022. (*See* ECF Nos. 8–9.) The Court permitted Mr. Walton to file a reply to the government's response, but he did not do so. (*See* ECF No. 8 at 2.)

Upon review of Mr. Walton's Petition and the government's response, the Court concludes Mr. Walton's claim is not cognizable as a claim under 22 U.S.C. § 2241 and that the Court lacks jurisdiction to adjudicate this matter. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). This is a jurisdictional limitation: federal district courts lack jurisdiction under the habeas statute, 28 U.S.C. § 2241, to consider claims attacking the conditions of a prisoner's confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). The disciplinary proceedings resulting in Mr. Walton's loss of commissary privileges did not affect the fact or duration of his detention.[1]

---

[1] Although Mr. Walton does not raise this argument, this Court notes that in some cases habeas petitioners bringing claims regarding loss of commissary privileges or similar sanctions have attempted to bring their petitions within the court's jurisdiction by arguing that even though the disciplinary proceedings did not *directly* result in a longer sentence (such as through a loss of good-time credits), the existence of the disciplinary charges might someday have an *indirect* effect on the length of detention by making them ineligible for programs or other benefits that would result in a shorter sentence. But courts generally have concluded the potential loss of access to

2

The Court thus lacks jurisdiction over the claim and recommends dismissal of Mr. Walton's Petition on that ground.

Though it is sometimes appropriate to recharacterize a *pro se* section 2241 petition as a 42 U.S.C. § 1983 action when the latter is the appropriate procedural vehicle for the claim asserted, *see id.* at 471, this is not such an instance since Mr. Walton's Petition does not properly claim a violation of his due process rights. The Due Process Clause of the U.S. Constitution applies only when a protected life, liberty, or property interest is at stake. *See Davenport v. Univ. of Arkansas Board of Trustees*, 553 F.3d 1110, 1114 (8th Cir. 2009). If an interest is not protected, then the government may deprive a person of that interest without any process at all being due. *See Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997) ("The possession of a protected life, liberty or property interest is a condition precedent to the government's obligation to provide due process of law, and where no such interest exists, there can be no due process violation."). It is well established that a prisoner's access to a commissary is not a protected liberty or property interest. *See, e.g.*, *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *Rodriguez v. General Counsel for Federal Bureau of Prisons*, 315 F. App'x 79, 80 (10th Cir. 2009) (collecting cases); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Eight Circuit has concluded that even when coupled with the loss of other privileges—such as placement in more restrictive housing, restrictions on mail and telephone use, and restrictions on access to personal property—loss of commissary privileges does not amount to the kind of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that falls within the ambit of the Due

---

such programs is too attenuated a basis upon which to obtain habeas relief. *See Williams v. Kallis*, No. 20-cv-1851 (JRT/TNL), 2021 WL 3555778, at *4 (D. Minn. May 13, 2021).

Process Clause. *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The record does not reflect that Mr. Walton suffered any penalty apart from the temporary loss of access to the commissary. It would not be enough for Mr. Walton to show that prison officials violated Federal Bureau of Prisons ("BOP") policy during the disciplinary proceedings, as "a failure to follow BOP policy is not, by itself, enough to support a finding that procedures lacked due process under the Fifth Amendment." *Lake v. Fikes*, No. 20-cv-1366 (PJS/ECW), 2020 WL 6106290, at *4 (D. Minn. Aug. 14, 2020). Put another way, Mr. Walton cannot argue that he has a protected interest in the BOP carrying out disciplinary proceedings in the manner set forth by BOP regulation. Because access to a commissary is not a protected liberty or property interest, Mr. Walton's Petition, if recharacterized as arising under 42 U.S.C. § 1983, fails to state a claim for relief and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Mr. Walton is not challenging the fact or duration of his confinement and therefore he has not properly invoked the habeas authority of the Court. The Court recommends dismissal of the Petition on that basis, and further concludes that recharacterizing the Petition as a section 1983 complaint would not salvage it.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: November 7, 2023         *s/ Dulce J. Foster*
                                Dulce J. Foster
                                United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).