**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James Earl Walton,

Petitioner,

v.

Jeffrey Fikes, Warden, FCI-Sandstone,

Respondent.

Case No. 22-cv-717 (KMM/DJF)

**ORDER**

On November 7, 2023, Magistrate Judge Dulce Foster issued a Report and Recommendation in this matter recommending that the Court dismiss Mr. Walton's habeas petition for lack of jurisdiction. ECF 13 (the "R&R"). Mr. Walton timely objected to the R&R. ECF 14 ("Objections"). Mr. Walton's petition challenges a 90-day loss of commissary privileges he received as discipline from the Bureau of Prisons. See ECF 1. He alleges that he did not receive due process during the disciplinary proceedings. *Id*. Although the discipline had occurred at FCI-Danbury, in Danbury Connecticut, he was transferred soon thereafter to FCI-Sandstone and filed the Complaint in this District from that facility. *Id*. The Court reviews Mr. Walton's Objections to the R&R de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). Having conducted that review, the Objections are overruled, and the R&R is accepted for the reasons set forth below.

Judge Foster recommended dismissal because she concluded that Mr. Walton was not challenging the length of his detention in any way, as he was not disciplined with the

loss of good time. Therefore, the challenge to the loss of commissary privileges was not cognizable through a habeas petition. R&R at 2. She further found that even had Mr. Walton filed the proper vehicle for challenging the conditions of confinement as opposed to its duration—a complaint under 42 U.S.C. § 1983—dismissal would still be required. *Id*. at 3–4. Specifically, she observed that a prisoner's access to the commissary is not a protected liberty or property interest as required for a § 1983 claim. *Id*.

The Court has carefully reviewed Judge Foster's legal conclusions as to both of these points and the authority upon which those conclusions are based, and finds that they are correct in most respects. The one point of deviation is that, because Mr. Walton is in a federal prison and suing federal officials, the proper alternative vehicle for Mr. Walton's claim is a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than a § 1983 claim. But under either claim, there is no protected liberty or property interest in an inmate's access to the commissary. *See e.g.*, *Rodriguez v. General Counsel for the Federal Bureau of Prisons*, 315 Fed. Appx. 79, *1 (10th Cir. 2009) (affirming dismissal of a *Bivens* case challenging loss of commissary and phone privileges).

In his Objections, Mr. Walton notes that this Court can be the appropriate venue for his habeas petition despite the fact that the underlying events occurred in another district. However, Judge Foster did not recommend dismissal because Mr. Wilton is in Minnesota and FCI-Danbury is in Connecticut. Instead, she recommended dismissal because Mr. Walton's claim is not cognizable through a 28 U.S.C. § 2241 petition and therefore the Court lacks jurisdiction in this matter. And, as mentioned, even if his claims

were liberally construed through a vehicle that allows a prisoner to challenge the conditions of his confinement, his complaint fails to allege an adequate constitutionally protected interest. Therefore, Mr. Walton's objections do not undermine or even challenge the soundness of Judge Foster's conclusions.

Consequently, having reviewed both Judge Foster's R&R and Mr. Walton's Objections de novo, the R&R is accepted and the Objections are overruled. This matter is dismissed.

**ORDER**

For the reasons stated above, **IT IS HEREBY ORDERED THAT** the Report and Recommendation [ECF 13] is **ACCEPTED**, and Plaintiff's Petition for Writ of Habeas Corpus [ECF 1] is **DISMISSED**.

Date: September 13, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge